FILED

2013 DEC 16   PM 12: 56

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1   Michael Adams (SBN 185835)
    madams@rutan.com
2   Proud Usahacharoenporn (SBN 278204)
    pusaha@rutan.com
3   RUTAN & TUCKER, LLP
    611 Anton Boulevard, Fourteenth Floor
4   Costa Mesa, California 92626-1931
    Telephone:  714-641-5100
5   Facsimile:   714-546-9035

6   Attorneys for Plaintiff
    Curt Herberts, II

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  CURT HERBERTS, II, an individual       CASE NO. EDCV13-2302-RGK(SPx)
    doing business as Pacific Coast Realty
12  Group,
                                           COMPLAINT FOR:
13            Plaintiff,
                                           1.   FALSE DESIGNATION OF
14       vs.                                    ORIGIN [15 U.S.C. § 1125(a)];
                                           2.   TRADE NAME OR SERVICE
15  PACIFIC COAST REALTY GROUP,                 MARK DILUTION [15 U.S.C. §
    INC., a California corporation; JAMES       1125(c)(1)]:
16  P. BRENNAN, an individual; and DOES    3.   INJURY TO BUSINESS
    1 through 10, Inclusive,                    REPUTATION AND DILUTION
17                                              [CAL. BUS. & PROF. CODE §
              Defendants.                       14247];
18                                         4.   COMMON LAW UNFAIR
                                                COMPETITION AND
19                                              TRADEMARK INFRINGEMENT

20                                         DEMAND FOR JURY TRIAL

21

22

23

24

25

26

27

28

Rutan & Tucker LLP
attorneys at law

2314/099999-0084                           -1-
                                        COMPLAINT

1    Plaintiff Curt Herberts, II (hereinafter "Plaintiff"), for his complaint against
2    Pacific Coast Realty Group, Inc., ("PCRG") and James P. Brennan ("Brennan")
3    alleges as follows:

## JURISDICTION AND VENUE

4    
5    1.    This Court has jurisdiction under 28 U.S.C. section 1338(a) as this
6    action arises under the Lanham Act, 15 U.S.C. sections 1125(a) and 1125(c)(1).
7    This Court also has pendent jurisdiction under 28 U.S.C. section 1367.

8    2.    Venue is proper in the Central District of California under 28 U.S.C.
9    sections 1391(b) and (c) because defendants reside in this judicial district, a
10   substantial part of the events, omissions and acts that are the subject matter of this
11   action occurred within the Central District of California, and defendants are subject
12   to personal jurisdiction and may be found in this district.

## PARTIES

13   
14   3.    Plaintiff is an individual who is a California resident doing business in
15   California as Pacific Coast Realty Group.

16   4.    On information and belief, defendant PCRG is a California corporation
17   with its principal place of business at 27450 Ynez Road, #200, Temecula, California
18   92591.

19   5.    On information and belief, defendant Brennan is the controlling
20   shareholder of PCRG.

21   6.    On information and belief, Plaintiff alleges that each of the defendants
22   named herein as Does 1 through 10, inclusive, performed, participated in, or abetted
23   in some manner, the acts alleged herein, proximately caused the damages alleged
24   below, and are liable to Plaintiff for the damages and relief sought herein.

25   7.    On information and belief, Plaintiff alleges that, in performing the acts
26   and omissions alleged herein, and at all times relevant hereto, each of the defendants
27   was the agent and employee of each of the other defendants and was at all times
28   acting within the course and scope of such agency and employment with the

1   knowledge and approval of each of the other defendants.

2       8.      The identities of the individuals and entities named as Doe defendants

3   herein are not presently known, but Plaintiff will seek to amend the Complaint to

4   properly identify them when their proper names have been ascertained.

5                              <u>NATURE OF THE CASE</u>

6       9.      Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs

7   against defendants for false designation of origin and/or sponsorship under 15

8   U.S.C. section 1125(a); dilution under 15 U.S.C. section 1125(c); injury to business

9   reputation and dilution under California Business and Professions Code section

10  14247; and common law trademark and trade name infringement, and unfair

11  competition.

12             <u>FACTUAL ALLEGATIONS COMMON TO ALL COUNTS</u>

13      10.     Plaintiff is a licensed California real estate broker who has been doing

14  business as Pacific Coast Realty Group since May 1, 1992.  Copies of Plaintiff's

15  Fictitious Business Name Statements filed with the County of Orange showing that

16  Plaintiff began using the name on May 1, 1992 are attached hereto as Exhibit A.  A

17  copy of an excerpt from the Newport Beach-Costa Mesa Daily Pilot showing the

18  same is attached hereto as Exhibit B.

19      11.     Since May 1992 to the present Plaintiff has continuously used the name

20  Pacific Coast Realty Group in connection with his real estate services.  A copy of

21  Plaintiff's State of California Department of Real Estate License Certificate, issued

22  on June 5, 1992 and showing his fictitious business name as Pacific Coast Realty

23  Group, is attached hereto as Exhibit C.

24      12.     Over the last twenty-one years during which Plaintiff used the name

25  Pacific Coast Realty Group, the name has acquired distinctiveness as well as

26  secondary meaning in the minds of consumers in connection to Plaintiff and his real

27  estate services.  Plaintiff expended a substantial amount of time and effort on client

28  development and brand recognition through advertising and as a result has

1   developed extensive goodwill associated with the name Pacific Coast Realty Group.

2      13.   Plaintiff is informed and believes and based thereon alleges that

3   starting on August 4, 2009 – seventeen years after Plaintiff began using the Pacific

4   Coast Realty Group name – PCRG and Brennan (hereinafter "Defendants") began

5   providing real estate services using the Pacific Coast Realty Group name.

6   Defendants use the Pacific Coast Realty Group name in conducting and promoting

7   their business.

8      14.   Defendants are not authorized to use the Pacific Coast Realty Group

9   name in connection with their goods or services, nor are Defendants affiliated with

10  Plaintiff.

11     15.   Plaintiff sent cease-and-desist letters to Defendants on September 5,

12  2013 and October 31, 2013, giving notice of Plaintiff's ownership of the mark

13  "Pacific Coast Realty Group" and demanding that Defendants immediately cease

14  and desist from all uses of the mark in connection with their goods and services.

15     16.   Despite Plaintiff's repeated demands, Defendants have failed to cease

16  and desist from all uses of the Pacific Coast Realty Group mark in connection with

17  their goods and services.  Defendants continue to use the mark in promoting their

18  business.

19              **FIRST CLAIM FOR RELIEF**

20  **(Unfair Competition by False Designation of Origin – 15 U.S.C. § 1125(a))**

21     17.   Plaintiff repeats and incorporates herein by reference each and every

22  allegation contained in Paragraphs 1 through 16 above, inclusive, as though fully set

23  forth herein.

24     18.   Defendants, either independently or through collaboration with one

25  another, are using the Pacific Coast Realty Group mark in connection with their

26  goods and services.

27     19.   On information and belief, Defendants use the Pacific Coast Realty

28  Group mark in commerce, which use has been done with the deliberate intent of

1  capitalizing and trading on the good will and reputation of Plaintiff.

2      20.   The use in commerce of the Pacific Coast Realty Group mark by

3  Defendants will tend to cause and, on information and belief, has caused the

4  relevant public and trade to believe erroneously that Defendants' services are

5  associated, authorized, sponsored, or controlled by Plaintiff.

6      21.   Defendants' use in commerce of the Pacific Coast Realty Group mark

7  in connection with their goods and services constitutes a false designation of the

8  origin and/or sponsorship of such goods and services and falsely describes and

9  represents such goods and services.

10      22.   By their acts as alleged herein, Defendants have falsely designated and

11  represented goods and services sold in commerce in violation of 15 U.S.C. section

12  1125(a) and have otherwise used the good will of Plaintiff to sell Defendants' own

13  goods and services and have otherwise competed unfairly with Plaintiff.

14      23.   On information and belief, Defendants are now committing the acts

15  complained of above and have continued to do so in defiance of Plaintiff's requests

16  that they cease such acts.

17      24.   Defendants, after due notice, have displayed a willful course of conduct

18  toward appropriation and destruction of Plaintiff's rights in and to the Pacific Coast

19  Realty Group mark.

20      25.   Defendants' wrongful acts and conduct as alleged herein have

21  permitted or will permit them to generate substantial sales and profits on the

22  strength of Plaintiff's substantial advertising, sales, consumer recognition, and good

23  will in connection with the Pacific Coast Realty Group mark.

24      26.   As a result of Defendants' wrongful acts alleged herein, Plaintiff has

25  suffered and will continue to suffer monetary damage in an amount not thus far

26  determined.

27      27.   On information and belief, Defendants' acts of unfair competition by

28  false designation of origin in violation of the Lanham Act have caused financial

1  injury and damages to Plaintiff and have been willful, making this an exceptional

2  case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby

3  entitling Plaintiff to damages, attorneys' fees, and costs.

4      28.    Defendants' acts and conduct constitute unfair competition that has

5  caused and, unless restrained and enjoined by this Court, will continue to cause

6  irreparable harm, damage, and injury to Plaintiff's good will and business

7  reputation.

8      29.    Plaintiff is entitled to damages as a result of Defendants' actions and

9  conduct and, because such damages alone do not provide Plaintiff with an adequate

10  remedy at law, Plaintiff is entitled to injunctive relief.

11                              **SECOND CLAIM FOR RELIEF**

12            **(Trade Name or Service Mark Dilution – 15 U.S.C. § 1125(c)(1))**

13      30.    Plaintiff repeats and incorporates herein by reference each and every

14  allegation contained in Paragraphs 1 through 29 above, inclusive, as though fully set

15  forth herein.

16      31.    Plaintiff's Pacific Coast Realty Group trade name and service mark was

17  used in commerce long before Defendants' adoption and use of the Pacific Coast

18  Realty Group name in connection with their goods and services.

19      32.    Plaintiff's Pacific Coast Realty Group trade name and service mark has

20  become famous because of long, extensive, continuous, and exclusive use by

21  Plaintiff in connection with his real estate services, such fame occurring long before

22  Defendants' adoption and use of the Pacific Coast Realty Group name in connection

23  with their goods and services.

24      33.    Defendants use the Pacific Coast Realty Group name in promoting their

25  goods and services in the same trade areas and channels of trade in which Plaintiff's

26  Pacific Coast Realty Group trade name and service mark is recognized and famous.

27      34.    On information and belief, Defendants' use of the Pacific Coast Realty

28  Group name has lessened the capacity of Plaintiff's famous Pacific Coast Realty

1  Group trade name and service mark to identify and distinguish Plaintiff's goods and

2  services.

3      35.    Defendants' acts and conduct as alleged herein have tarnished the

4  reputation and recognition of Plaintiff's famous Pacific Coast Realty Group trade

5  name and service mark by the low quality of Defendants' goods and services.

6      36.    On information and belief, Defendants' acts of trade name or service

7  mark dilution in violation of the Lanham Act have caused financial injury and

8  damages to Plaintiff and have been willful, making this an exceptional case within

9  the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff

10 to damages, attorneys' fees, and costs.

11     37.    Plaintiff has no adequate remedy at law and is being irreparably

12 damaged by dilution of its famous mark, in violation of 15 U.S.C. section 1125(c).

13 Therefore, Plaintiff is entitled to injunctive relief.

14                     **THIRD CLAIM FOR RELIEF**

15             **(Injury to Business Reputation and Dilution –**

16                **Cal. Bus. & Prof. Code § 14247)**

17     38.    Plaintiff repeats and incorporates herein by reference each and every

18 allegation contained in Paragraphs 1 through 37 above, inclusive, as though fully set

19 forth herein.

20     39.    Plaintiff is the owner of the Pacific Coast Realty Group mark, which is

21 distinctive and famous in the State of California.

22     40.    On information and belief, Defendants have used and continue to use

23 the famous Pacific Coast Realty Group mark after the mark became famous, which

24 use dilutes the distinctive quality of Plaintiff's mark.

25     41.    On information and belief, Defendants' actions described herein were

26 taken and continue to be taken with full knowledge that such actions would and do

27 dilute Plaintiff's Pacific Coast Realty Group mark and with the intention to cause

28 dilution of the mark.

1    42.    As a result of the actions described herein, Defendants have caused,

2    and unless restrained and enjoined by this Court, will continue to cause irreparable

3    harm, damage, and injury to Plaintiff, including but not limited to injury to

4    Plaintiff's good will and business reputation.

5    43.    Plaintiff has no adequate remedy at law and is being irreparably

6    damaged by Defendants' acts in violation of California Business & Professions

7    Code section 14247.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trade Name and Trademark Infringement,
### and Unfair Competition)

11    44.    Plaintiff repeats and incorporates herein by reference each and every

12    allegation contained in Paragraphs 1 through 43 above, inclusive, as though fully set

13    forth herein.

14    45.    Defendants' actions and conduct as alleged herein constitute unfair

15    competition under California common law.

16    46.    Defendants' actions and conduct in adopting and using the Pacific

17    Coast Realty Group mark in California constitute trademark infringement under

18    California common law.

19    47.    Defendants have caused and, unless restrained and enjoined by this

20    Court, will continue to cause irreparable harm, damage, and injury to Plaintiff,

21    including but not limited to injury to Plaintiff's good will and business reputation.

22    48.    Plaintiff has no adequate remedy at law, and Plaintiff is being

23    irreparably damaged by Defendants' acts in violation of California common law,

24    entitling Plaintiff to injunctive relief.

25    49.    Defendants' actions and conduct as alleged herein are malicious and

26    fraudulent and entitle Plaintiff to punitive damages under Civil Code section 3294.

27    / / /

28    / / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order and judgment against Defendants, and each of them, as follows:

1.      That Defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the designation "Pacific Coast Realty Group" or any other name or mark incorporating Plaintiff's service mark, either alone or in combination with other words or symbols, in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any real estate services and other related services at any locality in the United States;

2.      That Defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the designation "Pacific Coast Realty Group" or any other name or mark incorporating Plaintiff's service mark in any form or manner that would tend to identify or associate Defendants' businesses or services with Plaintiff in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

3.      That Defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from representing to anyone

1  (either orally or in writing) that their businesses are affiliated with Plaintiff in any

2  way or are approved by Plaintiff;

3      4.    For an order requiring Defendants to deliver to Plaintiff's attorney

4  within thirty (30) days after the entry of any preliminary or permanent injunction, to

5  be impounded or destroyed by Plaintiff, all literature, signs, labels, prints, packages,

6  wrappers, containers, advertising materials, stationery, and any other items in their

7  possession or control that contain the infringing designation "Pacific Coast Realty

8  Group" or any other name or mark incorporating Plaintiff's service marks, either

9  alone or in combination with other words and symbols;

10      5.    For an order requiring Defendants to remove from their business

11  premises within thirty (30) days after the entry of any preliminary or permanent

12  injunction, all instances of the "Pacific Coast Realty Group" designation; to destroy

13  all molds, plates, masters, or means of creating the infringing items; and to file a

14  name change with the California Secretary of State changing the corporate name of

15  Pacific Coast Realty Group, Inc.;

16      6.    For an order requiring Defendants to instruct, within thirty (30) days

17  after the entry of any preliminary or permanent injunction, any print directory,

18  Internet directory, or website that they have caused to carry the Pacific Coast Realty

19  Group mark, to cease using such names at the earliest possible date;

20      7.    For an order requiring Defendants to file with the Clerk of this Court

21  and serve Plaintiff, within thirty (30) days after the entry of any preliminary or

22  permanent injunction, a report in writing, under oath, setting forth in detail the

23  manner and form in which defendants have complied with 1 through 6 above;

24      8.    For an award of Defendants' profits and Plaintiff's damages in an

25  amount not yet ascertained, but believed to exceed $100,000;

26      9.    For an award of three times Plaintiff's damages or Defendants' profits

27  in view of the intentional and willful nature of Defendants' acts, pursuant to 15

28  U.S.C. section 1117;

10. For an award of punitive damages according to proof;

11. For an award of reasonable attorneys' fees under 15 U.S.C. section 1117;

12. For an award of pre- and post-judgment interest at the highest rate allowed by law;

13. For an award of costs and disbursements incurred in this action; and

14. For such further relief as this Court shall deem just and proper.

Dated: December 16, 2013

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
PROUD USAHACHAROENPORN

By: _____

Michael D. Adams
Attorneys for Plaintiff
CURT HERBERTS, II

Rutan & Tucker LLP
attorneys at law

2314/099999-0084
6458565.2 a12/16/13

-11-

COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      Plaintiff CURT HERBERTS, II hereby demands a jury trial in this action.

3   Dated:  December 16, 2013             RUTAN & TUCKER, LLP
                                          MICHAEL D. ADAMS
4                                         PROUD USAHACHAROENPORN

5                                         By: _____

6                                             Michael D. Adams
                                              Attorneys for Plaintiff
7                                             CURT HERBERTS, II

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker LLP
attorneys at law

2314/099999-0084
6458565.2 a12/16/13

-12-

COMPLAINT